UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4229**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

LARRY THOMAS HAIZLIP, a/k/a Hogg,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00195-NCT-1)

Submitted:  May 31, 2012              Decided:  June 5, 2012

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Milton Bays Shoaf, ADDISON & SHOAF, Salisbury, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Thomas Haizlip pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 2000 & Supp. 2011), and was sentenced to fifty-three months in prison. Haizlip's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he has reviewed the record and has determined "after a thorough examination of the case and applicable case law that [Haizlip] has no meritorious grounds for appeal." Counsel nonetheless explains that Haizlip wishes to raise as an issue for this court's review, whether the district court considered the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), when it imposed Haizlip's sentence. Haizlip has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief.[1] Finding no error, we affirm.

---

[1] Although Haizlip's plea agreement contained an appellate waiver, the Government elected not to file a responsive brief or a motion to dismiss the appeal based on the appellate waiver contained in Haizlip's plea agreement. Accordingly, we have conducted an Anders review in accordance with circuit precedent. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this Court to perform the Anders review).

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Although Haizlip suggests that the district court erred in imposing his sentence because he asserts that the district court failed to sentence him under the FSA, this allegation is belied by the record. In fact, prior to imposing Haizlip's sentence, the district court heard argument from counsel regarding the FSA's applicability to Haizlip's sentence, and ultimately determined that the statute did apply, requiring the alteration of Haizlip's Guidelines range from sixty to sixty-three months to fifty-one to sixty-three months. We presume on appeal that Haizlip's sentence, which was near the bottom of his properly calculated Guidelines range, is

reasonable.[2]  <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008); <u>see</u> <u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

We have examined the entire record in accordance with our obligations under <u>Anders</u> and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Haizlip, in writing, of the right to petition the Supreme Court of the United States for further review.  If Haizlip requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Haizlip.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]  By this disposition, we intimate no view as to whether Haizlip would be entitled to resentencing based on the recent Guidelines Amendments.  However, this decision is rendered without prejudice to Haizlip's right to pursue relief, pursuant to 18 U.S.C. § 3582(c)(2) (2006), in the sentencing court.